TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304
     Facsimile: (213) 894-0141
     E-mail:    juan.rodriguez@usdoj.gov

Attorneys for Respondent
JACK FOX, WARDEN, USP LOMPOC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY ABEYTA,<br><br>          Petitioner,<br><br>               v.<br><br>JACK FOX, Warden, USP Lompoc,<br><br>          Respondent. | No. CV 21-04357-JAK-DFM<br>No. CR 05-00161-RRE<br><br>GOVERNMENT'S MOTION TO DISMISS PETITIONER'S WRIT OF HEABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 THROUGH § 2255(E)'S SAVINGS CLAUSE |

Respondent Jack Fox, Warden, USP Lompoc, by and through his counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Juan M. Rodriguez, hereby opposes petitioner Michael Anthony Abeyta's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Through § 2255(e)'s Savings Clause.  The government asks this Court to dismiss the petition.

//

//

//

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such other evidence and argument as the Court may permit.

Dated: July 6, 2021                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                             /s/
                                       JUAN M. RODRIGUEZ
                                       Assistant United States Attorney

                                       Attorneys for Respondent
                                       JACK FOX, WARDEN, USP LOMPOC

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES....................................................ii

I.    INTRODUCTION......................................................1

II.   STATEMENT OF FACTS................................................2

III. ARGUMENT..........................................................4

     A.    Petitioner Is Attacking His Conviction and Sentence,
           and § 2255 Is the Sole Remedy for Such Attacks............4

     B.    Petitioner's § 2255 Motion Must Be Dismissed Because
           It Was Filed in the Wrong District........................7

     C.    This Is a Successive § 2255 Motion, and Petitioner Has
           Failed to Comply with The Requirements for Filing Such
           A Motion..................................................8

         1.    Petitioner failed to obtain the permission of the
               Ninth Circuit Court of Appeals to file a
               successive § 2255 motion.............................9

         2.    Petitioner cannot satisfy the standards for
               filing a successive § 2255 motion in any event.......9

     D.    This Court Should Deny Any Request for a Certificate
           of Appealability.........................................10

IV.   CONCLUSION.......................................................10

**TABLE OF AUTHORITIES**

Cases..................................................................Page(s)

Bousley v. United States,
   523 U.S. 614 (1998) ............................................1, 7

Brown v. Caraway,
   719 F.3d 583 (7th Cir. 2013) ......................................6

Castro v. United States,
   540 U.S. 375 (2003) ............................................7, 8

Charles v. Chandler,
   180 F.3d 753 (6th Cir. 1999) ......................................6

Edwards v. Daniels,
   No. Civ. 05-795-ST, 2006 WL 3877525 (D. Or. Dec. 21, 2006) ..1, 3, 7

Greenawalt v. Stewart,
   105 F.3d 1287 (9th Cir. 1997) .....................................5

Hernandez v. Campbell,
   204 F.3d 861 (9th Cir. 2000) ...................................4, 8

Hill v. Masters,
   836 F.3d 591 (6th Cir. 2016) ......................................6

Ivy v. Pontesso,
   328 F.3d 1057 .............................................4, 5, 6, 7

Lorentsen v. Hood,
   223 F.3d 950 (9th Cir. 2000) ...................................4, 6

Moore v. Reno,
   185 F.3d 1054 (9th Cir. 1999) .................................5, 10

Ninth Cir. R. App.,
   Proc. 22-3 .........................................................9

Porter v. Adams,
   244 F.3d 1006 (9th Cir. 1998) .....................................5

**TABLE OF AUTHORITIES, Cont'd**

Stephens v. Herrera,
   464 F.3d 895 (9th Cir. 2006) ........................................ 1

Teague v. Lane,
   489 U.S. 288 (1989) ............................................... 10

Tyler v. Cain,
   533 U.S. 656 (2001) ............................................... 10

United States v. Allen,
   157 F.3d 661 (9th Cir. 1998) ........................................ 9

United States v. Booker,
   543 U.S. 220 (2005) ................................................ 1

United States v. Hayman,
   342 U.S. 205 (1952) ................................................ 5

United States v. Lorentsen,
   106 F.3d 278 (9th Cir. 1997) ........................................ 9

United States v. Monreal,
   301 F.3d 1127 (9th Cir. 2002) ....................................... 8

United States v. Pirro,
   104 F.3d 297 (9th Cir. 1997) ........................................ 5

United States v. Villa-Gonzalez,
   208 F.3d 1160 (9th Cir. 2000) ....................................... 9

Statutes

18 U.S.C. § 2........................................................ 3

18 U.S.C. § 1956..................................................... 3

21 U.S.C. § 841...................................................... 3

21 U.S.C. §§ 843(b).................................................. 3

21 U.S.C. §§ 846..................................................... 2

21 U.S.C. §§ 848(a).................................................. 3

**TABLE OF AUTHORITIES, Cont'd**

28 U.S.C. § 1631..............................................8

28 U.S.C. § 2241........................................1, 4, 5

28 U.S.C. § 2255.........................................passim

28 U.S.C. §§ 2244.............................................9

28 U.S.C. §§ 2253(c)(2)......................................10

U.S.C. § 2255.................................................3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On May 21, 2021, petitioner Michael Anthony Abeyta ("petitioner") filed a motion for relief from his sentence pursuant to 28 U.S.C. § 2241 through § 2255(e)'s savings clause ("Petition"). Petitioner claims that he is actually innocent of the leader organizer role attributed to him at sentencing and is entitled to relief because he was sentenced under mandatory guidelines before United States v. Booker, 543 U.S. 220 (2005) was decided. As explained below, the Petition must be dismissed because the relief sought exceeds the Court's jurisdiction under § 2241 and, in any event, petitioner's claim is meritless.

In the Ninth Circuit, in order come within the savings clause's ambit, a petitioner must: (1) make a claim of actual innocence, and (2) demonstrate that he has not had an "unobstructed procedural shot" at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). First, petitioner is not making a claim of actual (i.e., factual) innocence, but rather legal innocence. Bousley v. United States, 523 U.S. 614, 615 (1998) (holding that "[a]ctual innocence means factual innocence, not mere legal insufficiency"); Edwards v. Daniels, No. Civ. 05-795-ST, 2006 WL 3877525, at *3 (D. Or. Dec. 21, 2006) (adopting report and recommendation holding that petitioner's allegation that he was actually innocent of a leader/organizer sentencing enhancement did not meet the "actual innocence" standard of the savings clause).

Secondly, petitioner was sentenced on January 11, 2007, well after Booker was decided. Accordingly, petitioner had an "unobstructed procedural shot" at pursuing the relief he now seeks

because at sentencing, he had the opportunity to object to, and indeed did object to, the leader/organizer enhancement. (CR 114 (Sentencing Tr.).)[1]

That leaves the question of remedy. Here, dismissal is proper. While this Court may transfer so-called § 2241 petitions to the sentencing court (here, the Eastern District of North Dakota) in limited circumstances, a transfer here would not serve the interest of justice. Petitioner already filed a § 2255 motion in the sentencing court alleging ineffective assistance of counsel and could have raised the sentencing issue in that petition but failed to do so. (See CR 98.) In any event, the § 2255 motion was denied. (CR 102.) Accordingly, this petition, if transferred, would be treated as successive. As a result, the sentencing court could not consider the petition without authorization from the Ninth Circuit, which would inevitably deny authorization because the petition contains neither newly discovered evidence nor a new rule of constitutional law.

## II. STATEMENT OF FACTS

On December 8, 2005, petitioner was indicted in the Eastern District of North Dakota on nine counts: Count One: Conspiracy to Possess with Intent to Distribute More Than 500 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841; Counts Two and Three: Money Laundering Conspiracy to Conceal and Disguise Nature, Location, Ownership, and Control of Proceeds of Specified

---

[1] Documents in the criminal case in the Eastern District of North Dakota, No. 5-161-RRE, are referred to by "CR" and the docket number. Documents in the civil case in the Central District of California, No. 21-4357-JAK-DFM, are referred to by "CV" and docket number.

1  Unlawful Activity, in violation of 18 U.S.C. § 1956; Counts Four and
2  Eight: Possession with Intent to Distribute a Controlled Substance,
3  in violation of 21 U.S.C. § 841; Counts Five, Six, and Seven:
4  Unlawful Use of a Communication Facility, in violation of 21 U.S.C.
5  §§ 843(b) and (d), and 18 U.S.C. § 2; and Count Nine: Continuing
6  Criminal Enterprise, in violation of 21 U.S.C. §§ 848(a), (b)(1), and
7  (b)(2)(A).  (CR 2.)  On December 8, 2005, pursuant to a plea
8  agreement, petitioner pleaded guilty to Counts One and Two, and the
9  government moved to dismiss the remaining counts.  (CR 77, 88.)
10      On January 11, 2007, petitioner was sentenced in the Eastern
11 District of North Dakota.  At the sentencing hearing, his attorney
12 objected to the leader/organizer sentencing enhancement and was given
13 the opportunity to be heard on the issue.  Ultimately, the Court
14 found the leader/organizer enhancement was "appropriate" and imposed
15 the sentencing enhancement.  (CR 114 at 6:4-22.)  The Court sentenced
16 petitioner to 360 months' imprisonment.  (CR 91.)
17      On June 26, 2007, petitioner filed a 28 U.S.C. § 2255 motion in
18 the Eastern District of North Dakota to Vacate, Set Aside or Correct
19 Sentence by a Person in Federal Custody alleging ineffective
20 assistance of counsel.  (CR 98.)  More specifically, petitioner, who
21 is currently house at USP Lompoc, alleged that he did not understand
22 the terms of the plea agreement and that petitioner's attorney made
23 him feel as though he had no choice but to accept the plea agreement
24 because his attorney allegedly told him she did not have time to
25 proceed to trial.  (Id.)  The Court denied petitioner's § 2255
26 motion and preemptively denied a certificate of appealability because
27 petitioner "failed to make a substantial showing of the denial of a
28

3

constitutional right, and the issues presented in this case are inadequate to deserve further consideration." (CR 102.)

**III. ARGUMENT**

Petitioner challenges his conviction and sentence by alleging that he is (1) actually innocent of the leader/organizer role enhancement and (2) entitled to relief because he was sentenced under mandatory guidelines.

> **A. Petitioner Is Attacking His Conviction and Sentence, and § 2255 Is the Sole Remedy for Such Attacks**

As noted above, in his § 2241 petition, petitioner raises various arguments not attacking the execution of his sentence, but rather the validity of his underlying conviction and sentence.

It is well settled that a motion under § 2255 is the primary avenue for federal prisoners in custody to attack their sentences and underlying convictions. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 124 S. Ct. 807 (2003); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). Because petitioner's claims are aimed at his conviction and sentence, they should be brought in a § 2255 motion.

Petitioner, however, has styled his filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which is inappropriate in this case. A habeas petition under § 2241 is designed to "challenge the manner, location, or conditions of a sentence's execution." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Because petitioner is attacking - not the execution of his sentence - but the sentence and underlying conviction, § 2255 is

the appropriate vehicle for review, and petitioner's attempt to use § 2241 is inappropriate. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241."). Resort to § 2241 is particularly inappropriate when a prisoner has not first sought relief under § 2255 from the court of conviction. Id. at 298-99.

To be sure, § 2255 contains a "savings clause," which permits a federal prisoner to file a § 2241 petition in lieu of a § 2255 motion if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e); see also United States v. Hayman, 342 U.S. 205, 219 (1952) (affirming the validity of this "savings clause"). But the savings clause has been narrowly interpreted, and petitioner has not demonstrated why a § 2255 motion is inadequate or ineffective in this case.

To the extent petitioner argues that § 2255 is "inadequate or ineffective" because his claims or motion cannot comply with § 2255's procedural requirements, his claim must fail. Relief under 28 U.S.C. § 2255 is not "inadequate or ineffective" merely because a petitioner cannot satisfy the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Ivy, 328 F.3d at 1058-60 ("[Section] 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition."); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (same); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 1998) (same); Greenawalt v. Stewart,

5

105 F.3d 1287, 1288 (9th Cir. 1997) (same). In other words, a petitioner cannot circumvent the procedural limitations attendant to a § 2255 motion merely by giving his motion under a different label.

The "savings clause" has been reserved for the rare case in which a petitioner lacks an unobstructed opportunity to present a claim of actual innocence. See Ivy, 328 F.3d at 1059-61; Lorentsen, 223 F.3d at 954; see also Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restriction on the filing of second or successive habeas petitions.").

In this case, petitioner has not raised a claim of actual innocence. Nonetheless, petitioner attempts to convince this Court to follow "persuasive precedent from the Sixth and Seventh Circuits and hold that [the] savings clause jurisdiction encompasses actual innocence of a sentencing enhancement." To that end, petitioner cites and relies on Hill v. Masters, 836 F.3d 591 (6th Cir. 2016) and Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013). (See CV 2 at 6-9.) However, petitioner's reliance on Hill and Brown is misplaced. First, as petitioner implicitly concedes, Hill and Brown are not binding on this Court. Second, Hill and Brown are inapposite because in both of those cases the petitioners were sentenced under mandatory guidelines, unlike petitioner who was sentenced under advisory guidelines.

Because petitioner was sentenced under advisory guidelines and does not allege factual innocence (i.e., that he did not commit the

6

crime), petitioner is not pleading an actual claim of innocence, despite stating that he is "actually innocent of a leader/organizer." (CV 9 at 3-8; see Bousley, 523 U.S. at 615; Edwards, 2006 WL 3877525, at *3.)

Further, because petitioner had an unobstructed opportunity to address any claim of actual innocence, relief under 28 U.S.C. § 2255 is not "inadequate or ineffective." See Ivy, 328 F.3d at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion. . . .  [Petitioner] . . . could have raised his innocence claim in his initial § 2255 petition.  Thus he has not been denied a chance to present it.  Consequently, the fact that he is procedurally barred from raising it now does not mean that § 2255's remedy was 'inadequate or ineffective.'").  As a result, this Court should construe petitioner's filing as a § 2255 motion.[2]

**B. Petitioner's § 2255 Motion Must Be Dismissed Because It Was Filed in the Wrong District**

Once properly construed as a § 2255 motion, petitioner's filing must be dismissed because § 2255 motions must be brought in the district of conviction, which in this case is the Eastern District of North Dakota.

---

[2] Because defendant is proceeding pro se, the government would request that this Court advise defendant of its intent to re-characterize his filing as a § 2255 motion, "warn the [defendant] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  Castro v. United States, 540 U.S. 375, 383 (2003).  This will enable any subsequent § 2255 motions to be considered "successive" within the meaning of § 2255.

Section 2255, by its terms, requires that such motions be made to "the court which imposed the sentence." 28 U.S.C. § 2255. The Ninth Circuit has interpreted this language to mean just what it says: "§ 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); United States v. Monreal, 301 F.3d 1127, 1130-31 (9th Cir. 2002), cert. denied, 537 U.S. 1178 (2003).

In this case, petitioner was convicted in the Eastern District of North Dakota. Only that district court may hear petitioner's § 2255 motion attacking his conviction and sentence. Because petitioner has brought this § 2255 motion in the Central District of California, this motion should be either dismissed or transferred to the district of Eastern District of North Dakota pursuant to 28 U.S.C. § 1631. As is explained further below, the appropriate remedy is dismissal.

### C. This Is a Successive § 2255 Motion, and Petitioner Has Failed to Comply with The Requirements for Filing Such A Motion

As previously noted, the petition attacks petitioner's underlying conviction and sentence and, accordingly, petitioner has effectively filed a § 2255 motion. This is not his first such motion.[3] Petitioner filed a § 2255 motion on June 26, 2007, which was denied. (CR 98, 102.) The instant motion accordingly is successive.

//
//

---

[3] Petitioner's first § 2255 motion was labeled as such, so it is appropriate to deem his latest filing a successive § 2255 motion. Cf. Castro v. United States, 124 S. Ct. 786, 791-92 (2003).

8

        1. **Petitioner failed to obtain the permission of the Ninth Circuit Court of Appeals to file a successive § 2255 motion**

A "second or successive" § 2255 motion may be entertained by a district court only if a petitioner obtains the permission of the court of appeals to file the motion with the district court. 28 U.S.C. § 2255 (last paragraph); see also Ninth Cir. R. App. Proc. 22-3(a). Petitioner filed this motion directly with the district court. As a result, he has failed to comply with the procedural requirements for filing a successive § 2255 motion, and his motion must be dismissed. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

        2. **Petitioner cannot satisfy the standards for filing a successive § 2255 motion in any event**

Petitioner also cannot establish a prima facie case that his motion meets the certification requirements of § 2255. To meet those requirements, a petitioner must establish a prima facie case that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2244, 2255; United States v. Villa-Gonzalez, 208 F.3d 1160, 1164 (9th Cir. 2000).

9

Petitioner does not allege any newly discovered evidence or any new rule of constitutional law[4] that has been made retroactive <u>by the Supreme Court</u> to cases on collateral review and was previously unavailable.[5] Petitioner thus cannot obtain certification of these claims. <u>See also</u> <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999).

### D. This Court Should Deny Any Request for a Certificate of Appealability

As discussed above, petitioner's claims do not have merit. Nor has petitioner "made a substantial showing of the denial of a constitutional right" as to any of these issues, which is required if petitioner is to obtain a certificate of appealability ("COA") in order to appeal this court's ruling. See 28 U.S.C. §§ 2253(c)(2), (c)(3). The government therefore requests that this Court deny any request for a COA.

## IV. CONCLUSION

For the reasons noted above, petitioner's motion should be dismissed. If this Court denies the government's motion to dismiss, the government requests that this Court permit the government to file a response within 30 days of the Court's denial.

---

[4] A claim that relies on a new construction of a statute cannot, by definition, satisfy this standard. <u>See</u> <u>United States v. Lorentsen</u>, 106 F.3d 278, 279 (9th Cir. 1997).

[5] This standard is <u>more</u> stringent than the standard for retroactivity embodied in <u>Teague v. Lane</u>, 489 U.S. 288 (1989) (plurality opinion). <u>Teague</u> bars retroactive application of any new rules of criminal procedure to prisoners seeking collateral review, but authorizes lower federal courts to declare such rules within <u>Teague</u>'s two narrow exceptions. The successive § 2255 motion bar, however, permits a defendant to proceed with a successive § 2255 motion only if his claim has been made retroactive <u>by the Supreme Court</u>, not any other federal court. <u>See</u> <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001).